## GUBBINS *v.* ASHLEY.

1. PLEADING—ISSUES—BILL OF PARTICULARS.

> After filing a declaration containing the common counts and a count for deceit in inducing plaintiff to pay $1,000 for an option to purchase certain property, plaintiff filed a bill of particulars in which he claimed (1) $1,000 paid to defendants, (2) interest on same. *Held,* that the bill of particulars did not limit plaintiff to the common counts and that he was entitled to show the fraud inducing him to make the contract and part with his money.

2. MONEY RECEIVED—FRAUD—STATUTORY ACTION.

> Where plaintiff was induced by fraudulent representations to pay $1,000 for an option to purchase certain property which defendants were not authorized to sell, he could maintain an action of assumpsit for the damages sustained by him under the express provisions of section 10421, 3 Comp. Laws.

3. ESTOPPEL—FRAUD—WAIVER.

> Plaintiff paid $1,000 to defendants for an option to purchase certain property belonging to a corporation which they professed to have authority to sell. On the expiration of the option plaintiff, with knowledge of defendants' inability to comply, made formal demand for a proper execution of the contract of purchase by the corporation, and on the same occasion a demand for his $1,000. *Held,* that plaintiff was not estopped from asserting the fraud practiced upon him by his demand for the execution of the contract, defendants not having been misled.

Error to Calhoun; Hopkins, J. Submitted June 13, 1906. (Docket No. 33.) Decided December 3, 1906.

Assumpsit by Robert M. Gubbins against Glover J. Ashley and others for money obtained by fraud and deceit. There was judgment for defendants on a verdict directed by the court, and plaintiff brings error. Reversed.

*D. C. Salisbury* *(Henry E. Chase* and *Thomas Ambrose Lawler,* of counsel), for appellant.

*R. J. Kelley,* for appellee.

MONTGOMERY, J. 'The plaintiff brought an action of assumpsit and filed a declaration containing a special count and the common money counts. The special count averred: That defendants were officers of the Hibbard Food Company, Limited, and, as an inducement to get plaintiff to enter into a contract for the purchase of the plant of said company, represented to plaintiff that they (the defendants) had obtained full consent and authority from all the stockholders of the company to sell and dispose of all the property and assets of the company, and that they also represented that the property of the company was free and clear of all liens and incumbrances.

That, acting upon these representations, plaintiff entered into what purported to be a contract of option with the Hibbard Food Company, and paid to defendants $1,000. That in truth and fact the defendants were not authorized by the stockholders of the company to make such a contract or any sale of the property. The property was incumbered by mortgage. That plaintiff, in accordance with the terms of the option agreement, demanded a contract to be duly executed by the food company, and on defendants' admission that they had not authority from the stockholders, and on learning that the property was incumbered, demanded the $1,000 back.

A bill of particulars was furnished, reading as follows:

"You will please take notice that the following is a bill of particulars of the plaintiff's demand in said cause, for the recovery of which he has brought this suit:

"(1) One thousand dollars ($1,000) paid to defendants.
"(2) Interest on one thousand dollars ($1,000) from July 6, 1903."

On the trial, objection was made to any talk leading up to the making of the option agreement, when the following colloquy occurred:

"Q. What was that talk?
"Mr. Kelley: To that we object. We object to the witness stating any conversation or any negotiation in regard to the transaction between him and the officers of

the Hibbard Food Company prior to the execution of the contract in this case on the 6th day of July, 1903. Any negotiation or conversation leading up to the making of that contract we object to.

"*Mr. Chase:* This is a suit brought for the recovery of $1,000, upon the common counts in assumpsit, and I believe we have a right to go in and show up the whole transaction. We are not relying wholly upon that option or contract. We want our money back. We claim that these men, the defendants, got our $1,000 under misrepresentation and fraud, and without consideration, and we desire to show the fraudulent misrepresentations in connection with this deal, in order to complete our case, and we believe it is one of the necessary elements of our case.

"*Mr. Kelley:* The contract entered into bears date July 6th, and is signed by these parties. There is no better and more thoroughly settled rule, perhaps, than when parties deliberately put their transactions in writing in the form of a contract, that excludes all prior negotiations.

"I might as well state another position we shall take: We shall object, under the pleadings in this case, to their offering any evidence as to fraud and deception. We have asked them to furnish a bill of particulars in this case, and they have furnished it, and claimed nothing but for money paid for their use under the common counts in their declaration, and we submit that they cannot be allowed now to introduce proof on special counts, when they have led us to rely upon their common counts for money had and received by these defendants for their use. I simply at this time state this proposition, as it will come up later in the case.

"*Mr. Chase:* We have more than one count in the declaration. The contract which we introduce in this case is merely introduced as descriptive of the transaction and a part of the evidence showing the whole transaction. We are bringing a suit for a thousand dollars on the common counts, and we have a right to go into the whole transaction. We are not relying upon the contract; we are simply putting it in for what it is worth. * * *

"*The Court:* The objection may be sustained."

After the testimony was in, the court directed a verdict for the defendants.

The offer of the plaintiff's counsel was to show fraud and deceit by means of which he was induced to part with his money. The case comes clearly within section 10421, 3 Comp. Laws. The bill of particulars did not purport to limit the plaintiff to the common counts. Under either the common counts or the special count the measure of damages was the same. It cannot be said that the fraud was merged in the option contract. The very wrong complained of was inducing plaintiff by false statements to enter into that contract and part with his money. *Rambo v. Patterson,* 133 Mich. 655.

It is further contended that the plaintiff is now estopped from asserting the fraud complained of for the reason that, after learning that the defendants lacked authority from the stockholders, he made a formal demand for the execution of the contract by the Hibbard Food Company. It is said that he should have rescinded his contract at once instead of demanding an execution of a more formal contract. It does not appear that defendants were in any way misled, for, on the same day and occasion, plaintiff did demand the return of his $1,000. On the record as it is presented we are not able to say that there was any waiver of plaintiff's rights.

The judgment is reversed, and a new trial ordered.

GRANT, BLAIR, OSTRANDER, and MOORE, JJ., concurred.